Lewis Phon, Esq.   #74907
Law Offices of Lewis Phon
4040 Heaton Court
Antioch, CA  94509
(415) 574-5029 TEL
(925) 706-7600 FAX

Attorney for Debtors
Jesus and Angelica
Medina

FILED
March 22, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002503572

UNITED STATES BANKRUPTCY COURT

IN THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO.:2010-21418 |
| | DCN: DMM-1 |
| JESUS AND ANGELICA, | CHAPTER 11 |
| Debtor(s).     / | **OPPOSITION TO MOTION FOR RELIEF FROM STAY AND FOR ADEQUATE PROTECTION OF WELLS FARGO BANK** |
| WELLS FARGO BANK, | |
|     MOVANT, | DATE: 4/6/10 |
|         v. | TIME: 9:31 A.M. |
| | PLACE: COURTROOM 32 |
| JESUS AND ANGELICA MEDINA, DEBTORS IN POSSESSION.     / | |

STATEMENT OF FACTS

Secured creditor, Wells Fargo Bank("Wells Fargo" or the "Bank" herein") has filed a motion for relief from stay and, possibly, for adequate protection. The Bank holds a first deed of trust for

approximately $428,000 on the property commonly known as 1301 Arkansas Street, Vallejo, California

The Bank has alleged that it is entitled to relief because the debtors lack equity in the property and the bank is not adequately protected. The Bank further has alleged that the debtors have no need for the property as part of their reorganization.

**AS IT IS NOT DISPUTED THAT THE DEBTORS HAVE NO EQUITY IN THE REAL PROPERTY, THE CENTRAL ISSUE IS WHETHER THE PROPERTY IS NECESSARY FOR THE REORGANIZATION.**

In order for a secured creditor to obtain relief from stay pursuant to 11 U.S.C. 362(d)(2), the creditor must prove that the debtors have no equity in the collateral and that the collateral is not necessary for their reorganization. Both elements must be shown.

Therefore, assuming that the debtors have no equity in their real property, the debtor's need for said property to be part of their reorganization precludes the granting of any motion for relief from stay. The term "need" is not defined in terms of whether the property is necessary for the debtor's survival but in terms of whether the debtor has a reasonable possibility of reorganization. See Re 1025 Associates, Inc. (Bankr. D. Del. 1989) 106 B.R. 805.

However, the debtors do not have to guarantee success, only that they have a "reasonable" possibility of reorganization. The debtors need only show they are capable of funding a plan and that they can propose realistic terms of repayment. This showing is even less strict during the first four months after their filing as it is the exclusive period for the debtors to present a plan. See

11 U.S.C. §1121.

The reorganization is seen in prospect and the debtor is given a reasonable time within which to perform. See <u>In re Northgate Terrace Apartments</u> (1991) 126 B. R. 520 (debtor showed reasonable possibility that successful reorganization within reasonable time even though Chapter 11 has been pending for a year and no plan has been confirmed. A relief from stay is not the forum to determine if debtor is accurate in its financial projections).

<u>In the Matter of Growth Development Corp</u>. (1994) 168 B.R. 1009; 11 U.S.C. §362. the bank sought relief from stay on several grounds including lack of equity in the real property, lack of adequate protection, and lack of need of the property for the debtor's reorganization. However, the court held that property was necessary for the debtor's reorganization since the debtor was in the business of developing and selling land.

In the case at bar, the debtors are in the business of holding real property for investment purposes. Besides from the subject property, the debtors own several other properties and have been in the business of buying and selling properties through the years. As part of their plan, the debtors will revalue all their properties down to their current market values. When such is accomplished, the secured claims may be modified and be paid over the life of the plan. Even outside of bankruptcy, the banks are voluntarily offering modification of their loans to homeowners because the banks recognize that they will take a loss anyway should they repossess their collateral.

The subject property is part of the debtors' portfolio and they

have a realistic chance of restructuring their debts so that they can pay for this property through their plan. Because of the decline in real estate values, the debtors intend to value this property at its current market value. Upon such valuation, the debtors will be able to propose a plan that will pay off the secured claim as the unsecured portion will be modified or greatly reduced. There is a high likelihood of success of such valuation as the current market value is much less than what the liens are against this property. With reduced secured debt, the debtors have more than a reasonable possibility of proposing a feasible plan.

One of the debtors, Jesus Medina, has submitted a declaration as to his current full time work and as to his efforts to getting his real properties fully rented. Upon renting out the properties, Mr. Medina believes that he will be able adequately fund a plan.

The debtors were in the business of owning and managing real property prior to the filing of this Chapter 11. The debtors intend to continue owning and managing their real properties which includes the 1301 Arkansas property. The debtors need this property as part of their reorganization since real estate ownership was what they were doing pre-petition. See In re Koopmans, 22 B.R. 395, 407 (D.Ut. 1982).

On the other hand, the Bank has not shown evidence that the debtors do not have a reasonable possibility of an effective reorganization.

The debtors have also submitted their own declaration of value based upon Jesus Medina's research into the actual value of homes in the immediate area as the subject property. A debtor is permitted to testify as to the value of his own property. See So.

Central Livestock Dealers, Inc., v. Security State Bank 614 F.2d 1056 (5th Cir. 1980). Fed.R.Evid. §701. Mr. Medina has valued the property at $170,000.

**THE BANK IS NOT ENTITLED TO ANY ADEQUATE PROTECTION PAYMENTS BECAUSE IT HAS NOT PROVIDED ANY EVIDENCE THAT THE PROPERTY IS DECLINING IN VALUE POST PETITION**

In order for the Bank to receive adequate protection payments, it must show that the property has been declining in value post petition. See In Re Weinstein (B.A.P. C.D. Ca. 1998) 227 B. R. 284 (Where there is no depreciation, there is no entitlement to payments). However, upon such proof, the bank may be entitled to the difference in the value at the time of the filing of the petition and the current value. To date, the bank has not shown any decline in value. See In Re Weinstein, supra, following the decision of United Sav. Assoc. v. Timbers of Inwood Forest Associates Ltd. (1988) 484 U.S. 365, 98 L.Ed.2d 740 (adequate protection payments cannot be used to compensate the creditor for lost interest or to provide for lost opportunity costs).

**THE BANK'S COLLATERAL IS UNDERSECURED**

The Bank does not dispute that the value of the property is now below the amount of their lien. The lien of the Bank is approximately for $428,000. The debtor intends to file a motion to value the collateral at $170,000. If the motion is successful, the debtors will be entitled to reduce the amount of the lien to the current value of the property. If the lien is deemed partially secured, the Bank will not be entitled to adequate protection. United Savings Assoc. v. Timbers of Inwood Forest Associates, Ltd (1988) 484 U.S. 365, 108 S.Ct. 626.

**WELLS FARGO BANK MAY LACK STANDING TO BRING THIS MOTION**

Although the Bank has alleged that it is the successor in interest to Wachovia Mortgage, the original note holder on the real property, the Bank needs to show that it was properly assigned the rights to the note. Without such proof, the Bank lacks standing to bring this action. See <u>In Re Hwang</u> (Bankr. C.D. Cal. 2008) 396 B.R. 757.

**CONCLUSION**

The debtors have provided their own estimate of value showing the property to be valued at $170,000. Based upon this value, the Bank's deed of trust is under secured. Therefore, the Bank is not entitled to any adequate protection payments unless it can show a diminishing value of the property post petition. Further, because the debtors have a reasonable possibility of proposing a plan, the debtors are entitled to keep the property as part of their reorganization. Debtor will request an evidentiary hearing to determine the true values of the property if the parties cannot agree on a value.

Dated: 3/20/10                    Respectfully submitted,

                                  /S/ Lewis Phon

                                  _____
                                  LEWIS PHON, Attorney for
                                  Debtors Jesus and Angelica
                                  Medina

k:\data55\jesusmedina\opposition to relief from stay