Lewis Phon, Esq.   #74907
Law Offices of Lewis Phon
4040 Heaton Court
Antioch, CA  94509
(415) 574-5029 TEL
(925) 706-7600 FAX

Attorney for Debtors
Jesus and Angelica Medina

UNITED STATES BANKRUPTCY COURT

IN THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO: 2010-21418 |
| | DCN: GJB-1 |
| JESUS AND ANGELICA, | CHAPTER 11 |
| Debtor(s).         / | **OPPOSITION TO MOTION FOR RELIEF FROM STAY BY DEUTSCHE BANK** |
| DEUTSCHE BANK, | |
| MOVANT, | DATE: 6/29/10 |
| | TIME: 9:31 A.M. |
| V. | PLACE: COURTROOM 32 |
| JESUS AND ANGELICA MEDINA, DEBTORS IN POSSESSION.         / | |

**STATEMENT OF FACTS**

Secured creditor, DEUTSCHE BAN NATIONAL TRUST COMPANY (herein referred to as "Deutsche Bank" or the "Bank" has filed a motion for relief from stay.  The Bank is not the original holder of the note. The Bank, apparently, is acting as a trustee under a pooling

agreement with Morgan Stanley. The note is secured by the real property at 320 Arkansas, Vallejo, California 94591, the residence of the debtors. The amount now owing on the note, according to the Bank, is approximately $230,539.

The Bank has alleged that it is entitled to relief because the debtors lack equity in the property and the bank is not adequately protected. The Bank further has alleged that the debtors have no need for the property as part of their reorganization.

**AS IT IS NOT DISPUTED THAT THE DEBTORS HAVE NO EQUITY IN THE REAL PROPERTY, THE CENTRAL ISSUE IS WHETHER THE PROPERTY IS NECESSARY FOR THE REORGANIZATION.**

In order for a secured creditor to obtain relief from stay pursuant to 11 U.S.C. 362(d)(2), the creditor must prove that the debtors have no equity in the collateral and that the collateral is not necessary for their reorganization. Both elements must be shown.

Therefore, assuming that the debtors have no equity in their real property, the debtor's need for said property to be part of their reorganization precludes the granting of any motion for relief from stay. The term "need" is not defined in terms of whether the property is necessary for the debtor's survival but in terms of whether the debtor has a reasonable possibility of reorganization. See <u>Re 1025 Associates, Inc.</u> (Bankr. D. Del. 1989) 106 B.R. 805.

The debtors have filed a combined plan and a disclosure statement which has been set for hearing on August 3, 2010. The plan sets forth the treatment of the debtors' obligations and how the debts will be paid. The plan shows the sources of the debtors'

revenues and that said income is not speculative. The debtors demonstrate in their plan their ability to fund their plan. The plan discusses the debtors' expenses and how these are paid.

The debtors have filed a feasible plan which will be voted upon by the creditors. As the plan does provide a reasonable basis for payment to the creditors, a favorable vote by the creditors will allow the court to confirm the plan.

The debtors do not have to guarantee success, only that they have a "reasonable" possibility of reorganization. The debtors need only show they are capable of funding a plan and that they can propose realistic terms of repayment. This the debtors have done.

The reorganization is seen in prospect and the debtor is given a reasonable time within which to perform. See In re Northgate Terrace Apartments (1991) 126 B. R. 520 (debtor showed reasonable possibility that successful reorganization within reasonable time even though Chapter 11 has been pending for a year and no plan has been confirmed. A relief from stay is not the forum to determine if debtor is accurate in its financial projections).

In the Matter of Growth Development Corp. (1994) 168 B.R. 1009; 11 U.S.C. §362. the bank sought relief from stay on several grounds including lack of equity in the real property, lack of adequate protection, and lack of need of the property for the debtor's reorganization. However, the court held that property was necessary for the debtor's reorganization since the debtor was in the business of developing and selling land.

One of the debtors, Jesus Medina, has submitted a declaration as to his current full time work and as to his intention to keep the properties. The debtors' current monthly projected income is

$6000.

In the case at bar, the debtors reside in the subject property. The monthly payment is $1700. The property taxes are $125 per month. The insurance is $35 per month. The water bill is $38 per month and the alarm bill is $40 per month. The total monthly payment, including taxes and insurance, is estimated to be $1938. The debtors have the ability to make this payment.

Additionally, the debtors' plan proposes to pay the unsecured creditors 5% or, approximately $82,502, of the total claims of approximately $1,650,038 or $687.51 per month over 120 months.

On the other hand, the Bank has not shown evidence that the debtors do not have a reasonable possibility of an effective reorganization.

**THE FACT THAT THE PROPERTY IS UNDERSECURED DOES NOT MEAN THAT THE PROPERTY HAS NO VALUE TO THE ESTATE.**

If a property can be self supporting or requires even minimal financial support, the appreciation potential of the property presents great value to the estate. Historically, property ownership has provided an attractive means to develop a family's long term wealth and equity. Typically, investors do not expect that a parcel of property has any equity at the beginning of ownership. Instead, investors look at the appreciation potential of the property for its value. If an investor can purchase a property without significant negative cash flow or if the property can generate sufficient income to pay its expenses, the investor will consider that property a good purchase. Similarly, if the debtors are able to retain their property even if, presently, there is no equity, it is still be a valuable asset to the estate. The

fact that the debtors already own the property and only need to maintain it in order to benefit from its potential long term growth is a valuable advantage to them and their estate.

## THE PROPERTY LACKS EQUITY TO PAY FOR THE BANK'S ATTORNEY FEES AND COSTS

Pursuant to 11 U.S.C. 506(b), an oversecured claimant is entitled to interests, fees and costs on its claim. See <u>United States v. Ron Pair Enterprises, Inc</u>. (1989) 489 U.S. 235, 109 S.Ct 1026. However, because the Bank's collateral is undersecured, it should not be entitled to recover attorneys fee and costs.

## THE BANK IS NOT ENTITLED TO ANY ADEQUATE PROTECTION PAYMENTS BECAUSE IT HAS NOT PROVIDED ANY EVIDENCE THAT THE PROPERTY IS DECLINING IN VALUE POST PETITION

In order for the Bank to receive adequate protection payments, it must show that the property has been declining in value post petition. See <u>In Re Weinstein</u> (B.A.P. C.D. Ca. 1998) 227 B. R. 284 (Where there is no depreciation, there is no entitlement to payments). However, upon such proof, the bank may be entitled to the difference in the value at the time of the filing of the petition and the current value. To date, the bank has not shown any decline in value. See <u>In Re Weinstein</u>, supra, following the decision of <u>United Sav. Assoc. v. Timbers of Inwood Forest Associates Ltd.</u> (1988) 484 U.S. 365, 98 L.Ed.2d 740 (adequate protection payments cannot be used to compensate the creditor for lost interest or to provide for lost opportunity costs).

Notwithstanding this provision, because the property is the debtors' residence, the debtor can tender the monthly mortgage payment of $1700 to the bank with the approval of the court.

**DEUTSCHE BANK MAY LACK STANDING TO BRING THIS MOTION**

Although the Bank has alleged that it is trustee over the pooling agreement with Morgan Stanley, the original note holder on the real property, the Bank needs to show that it was properly assigned the rights to the note. Without such proof, the Bank lacks standing to bring this action. See <u>In Re Hwang</u> (Bankr. C.D. Cal. 2008) 396 B.R. 757.

**CONCLUSION**

Therefore, the Bank is not entitled to any adequate protection payments unless it can show a diminishing value of the property post petition. Further, because the debtors have already proposed a plan with a reasonable possibility of success, the debtors are entitled to keep the property as part of their reorganization. Nevertheless, because the property is the debtors' residence, the debtors can tender a monthly mortgage payment with the approval of the court.

Dated: 6/14/10                  Respectfully submitted,

                                      /S/ Lewis Phon

                                        _____
                                        LEWIS PHON, Attorney for
                                        Debtors Jesus and Angelica
                                        Medina